## S. B. McFADDEN v. STATE.

No. A-8291. April 9, 1932.
Rehearing Denied May 7, 1932.

(10 Pac. [2d] 731.)

E. W. Snoddy and Guy D. Talbot, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Alfalfa county of the crime of manslaughter in the second degree, and his punishment fixed by the court at a fine of $1,000.

The information charged defendant with driving a

motor vehicle upon the public highway in Alfalfa county while under the influence of intoxicating liquor, and without lights. The evidence of the state was: That J. W. Constant, who was a member of the Fish and Game Commission of Oklahoma, and H. S. Perry had been out to the fish hatchery not far from Cherokee; that they were returning to Cherokee at about 8:30 o'clock in the evening; that they had a flat tire on the right hind wheel of the car and pulled off of the pavement and out to the side of the road to fix the same; that Constant was taking the spare tire off of the back, while Perry was jacking up the wheel; that defendant, driving a Dodge sedan without lights, ran into the back of Constant's car, striking Perry and injuring him so that he died in a short time; that defendant's car struck Constant's car two or three times, and each time struck Constant; that both cars went into a ditch at the side of the road about 60 feet from where defendant's car first struck Perry; that defendant later got out of his car and told a bystander he was sorry —he guessed he had killed a good friend; that defendant was intoxicated; that after an ambulance was called, and Perry and Constant taken to Cherokee, defendant got into his car, and, notwithstanding the fact that the steering wheel was broken and the radius rods bent, backed his car out of the ditch and across the road and attempted to drive off in it; that a bystander took the keys away from him and stopped the car; that defendant was taken to Cherokee by another party and there turned over to the officers; that he pounded on his cell and created a tremendous disturbance in the jail; and that he was still intoxicated when taken to jail; that to other parties defendant denied that he had had any accident or had anything to do with the injury to Constant and Perry.

The defense was a denial that defendant was intoxi-

cated, and a claim that he was blinded by the lights of another car and ran into Constant's car by accident.

The only question argued in the brief is that the evidence is insufficient to support the verdict of the jury.

This conflict in the evidence was for the jury. They found the issues in favor of the state, and their verdict is supported by sufficient evidence.

The cause is therefore affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.